## Case No. 11,937.

### In re ROBINSON.

[2 Ben. 145; [1] 1 N. B. R. 285 (Quarto. 49); 1 Am. Law T. Rep. Bankr. 25.]

District Court, S. D. New York. Feb., 1868.

BANKRUPTCY—REGISTER'S COSTS.

1. The register taxed the following fees for his own services in this case:

| | |
|---|---|
| 1. Examining schedules, and certifying same correct........... | $5 00 |
| 2. Certified copy of adjudication of bankruptcy ................ | 0 45 |
| 3. Application for first meeting of creditors ................. | 1 00 |
| 4. Certified list of creditors for warrant ...................... | 0 95 |
| 5. Supplemental warrant, $2; application for meeting, $1........ | 3 00 |
| 6. Certified copies schedules for assignee ................... | 4 45 |
| 7. One day's service, under special order of reference on petition for final discharge.......... | 5 00 |
| 8. Order to show cause, and certifying copy for clerk........... | 1 00 |
| 9. Application for second and third meetings ................... | 2 00 |
| 10. Deposition of assignee on his return...................... | 0 65 |
| 11. Service under special order to show cause why bankrupt should not be discharged...... | 5 00 |
| 12. Second and third meetings of creditors ................... | 6 00 |
| 13. Services on examination of bankrupt and proceedings, and for making certificate of conformity ...................... | 5 00 |
| 14. Discharge without opposition... | 2 00 |

—On objection by the bankrupt to each of the foregoing items, held: that the 1st, 3d, 4th, and 8th items must be disallowed. That the 6th, 7th, 10th, 11th, 13th, and 14th items must be allowed. That the 2d item must be reduced to 35 cents; the 5th to $2.00, for the warrant; the 9th to $1.00; and the 12th to $3.00.

2. Form No. 4 is not a special order, under section forty-seven of the act [of 1867 (14 Stat. 540)].

3. A printed paper is to be taxed for, as if it were written.

[2] [In this case questions arose as to the costs, which, on application of the bankrupt [Jesse H. Robinson], were certified to the judge for his opinion. The following bill of fees was rendered by the register:

No. 7 Beekman Street, New York.

In said district, before Mr. James F. Dwight, register in bankruptcy.

Register's Bill of Costs

1867.

| | | |
|---|---|---|
| July 21. | Examining petition and schedules under special order of this date, and certifying same for adjudication, $5. Deposition proving duplicate originals, 65 cents ..... | $ 5 65 |
| | 2d. Certified copy adjudication of bankruptcy, fol. 2.. | 45 |
| | 3d. Certified copy protection in bankruptcy, 2 fols..... | 45 |
| | 4th. Application for first meeting of creditors ........ | 1 00 |
| July 13. | 5th. Certificates of questions to judge concerning publication .................. | 1 00 |
| " 10. | 6th. Issuing warrant returnable .................. | 2 00 |
| | 7th. Certified list of creditors, fols. 7 ................. | 95 |
| Sept. 27. | 8th. First meeting of creditors ...................... | 3 00 |
| 30. | 9th. Order for supplemental warrant, $1; sup. warrant, $2; application, $1........ | 4 00 |
| Oct. 22. | 10th. Certified copy mem's first meeting of creditors, fols. 2 ................... | 45 |
| | 11th. Meeting in return of second warrant .......... | 3 00 |

Nov. 2. 12th. Drawing and executing assignment to assignee, meeting of assignee on his acceptance of the trust, and delivering papers to him and taking his receipt ........ 5 00

13th. Certified copy schedules for assignee, fols. 42 and certificate .............. 4 45

" 30. 14th. One day's service under special order of reference made upon petition for final discharge ............... 5 00

15th. Order to show cause, made upon this order and certifying copy to clerk... 1 00

16th. Application for second and third meeting of creditors ................... 2 00

Dec. 24. 17th. Deposition of assignee, 2 fols., and oath and certificate ................ 65

18th. Deposition of bankrupt, 2 folios, and oath and certificate ................ 65

19th. Service under special order to pass final examination ................. 5 00

20th. Second and third meetings of creditors ......... 6 00

" 26. 21st. One day's examination and certificate of examination of bankrupt of conformity of bankrupt with the law ............... 5 00

22d. Certificate and report of final examination and of second and third meetings, 4 folios ............... 85

23d. Certificate of conformity 65

24th. Incidental expenses, office, clerk, lights, stationery, &c. ............... 10 00

25th. Discharge without opposition ................ 2 00

The following certified copies of memoranda transmitted to clerk, viz.:

July 2. 26th. Of adjudication, 1 copy, 2 folios ................ 45

" 10. 27th. Of issuing warrant, 1 copy ................... 35

Sept. 13. 28th. Certificate of question to judge ................ 35

" 19. 29th. Return of certificate and judge's decision ......... 35

Sept. 30. 30th. Order for supplemental warrant ................. 35

Oct. 1. 31st. Issuing two warrants.. 35

" 22. 32d. Return of second warrant and meeting of creditors ................... 45

" 30. 33d. Filing P. O. D. Hackell & Alderman ............. 35

Nov. 2. 34th. Executing deed to assignee ................ 35

" 13. 35th. Filing P. O. D. Brooks Brothers ............ 35

" 15. 36th. Receipt of petition and order ................... 35

" 30. 37th. Of order to show cause 35

Dec. 26. 38th. Of second and third meetings ................ 35

$75 05

[Upon the taxation of this bill of fees, the following items were stricken out by the register, upon the bankrupt's objection, namely:

Item 9th. Order for supplemental warrant ................... $ 1 00
" 12th. Drawing and executing assignment to assignee, &c.. 5 00
" 24th. Incidental expenses, office, clerk, lights, &c......... 10 00

$16 00

[The remaining items objected to appear in the opinion of the court.

[The following items are unusual, and not performed in the course of an ordinary proceeding in bankruptcy:

Item 5th. Certificate of question to judge ................. $ 1 00
" 9th. Supplemental warrant ... 2 00
" 11th. Meeting on return of supplemental warrant ... 3 00
" 16th. Application for second and third meetings ........ 1 00
" 20th. Second and third meetings 3 00

$10 00][3]

BLATCHFORD, District Judge. In this case, the register has, on the request of the bankrupt, taxed the items of fees charged by the register against the bankrupt for services rendered by the register in the proceedings in this case. The bankrupt objected, before the register, to several items, including those hereafter set forth. The register, after hearing the objections, allowed some items and disallowed others. Among those allowed by the register, notwithstanding the objections of the bankrupt, were the following, in respect of which the bankrupt has applied to the court to review the allowance of them by the register. The register and the counsel for the bankrupt have been heard by the court in regard to the items so allowed under objection, which are these:

1. Examining schedules, and certifying same correct ................... $5 00
2. Certified copy of adjudication of bankruptcy ................... 0 45
3. Application for first meeting of creditors ................... 1 00
4. Certified list of creditors for warrant 0 95
5. Supplemental warrant, $2; application for meeting, $1 ............. 3 00
6. Certified copies of schedules for assignee ................... 4 45
7. One day's service under special order of reference on petition for final discharge ................... 5 00
8. Order to show cause, and certifying copy for clerk ................... 1 00
9. Application for second and third meetings ................... 2 00
10. Deposition of assignee on his return 0 65
11. Service under special order to show cause why bankrupt should not be discharged ................... 5 00
12. Second and third meetings of creditors ................... 6 00
13. Services on examination of bankrupt and proceedings, and for making certificate of conformity......... 5 00
14. Discharge without opposition...... 2 00

I proceed to dispose of these items in their order.

Item 1. This is a charge for examining the bankrupt's petitions and schedules, and certifying the same to be correct, under general order No. 7, and rule 4 of this court. General order No. 7 requires the register to render the service, and rule 4 of this court prescribes formalities to be observed in rendering it. The theory of the charge of $5 for

[3] [From 1 N. B. R. 285.]

the service is, that it is allowed by that clause of section forty-seven of the act which allows "for every day's service, while actually employed under a special order of the court, a sum not exceeding five dollars, to be allowed by the court." The item is $5 for one day's service, examining the petition and schedules, and certifying the same to be correct. The register contends that the order of reference form No. 4, is a "special order of the court" within the meaning of the clause cited from section forty-seven. The only order under which the register acts, in performing the service in question, is form No. 4. The point involved has been fully and ably examined by Judge Ballard of the Kentucky district in Re Dean [Case No. 3,699], and I entirely concur with him in his decision. He holds that form No. 4 is not a special order, but is an order required, by general order No. 4, to be entered as of course in every case, and that it requires the register to do nothing which he is not required to do by the act and the general orders. The conclusive view is, that if form No. 4 is a special order under section forty-seven, and if the register is, therefore entitled to $5 for a day's service under it for examining the petition and schedules, and certifying the same to be correct, there is nothing to prevent the register from claiming $5 for every day's service for taking any proceedings required by the act in the case; because, by form No. 4, he is authorized to make adjudication and take such other proceedings in the case as are required by the act. And not only that, but, in addition to such per diem, he can also claim the specific fees allowed to him by section forty-seven, and by general order No. 30, even though the whole of a given day's service may be only some one of the specific items for which a specific fee is allowed. Another view is, that a service which the register is required to render by general order No. 7, and by rule 4 of this court, cannot, with any propriety, be said to be a service in which he is employed under a special order of the court. This item is disallowed.

Item 2. The charge for a certified copy of the adjudication of bankruptcy, furnished to the bankrupt, is warranted by general order No. 30. The paper is a paper in the proceedings. But, as it does not appear that the certificate contains more than one folio, the charge for the certificate must be reduced from 25 to 15 cents. The paper itself contained two folios, and is properly charged at 20 cents, being 10 cents for each folio. But general order No. 30 inadvertently allows 25 cents for certifying a copy of a paper, whether the certificate consists of more than one folio or not. When the certificate consists of more than one folio, the charge of 25 cents for the certificate is proper, but when the certificate consists of one folio or less, the charge for the certificate can be only 15 cents. By section ten of the act, the fees to be established by the justices of the supreme court cannot exceed the rate of fees then allowed by law for similar services in other proceedings. The fee for a certificate, allowed by the fee bill in the act of February 26, 1853. [10 Stat. 161], is 15 cents per folio, and a larger fee is unauthorized. The charge in this item must be reduced to 35 cents, and is allowed at that amount. The bankrupt claims that the register, inasmuch as he uses form No. 5, in the shape of a printed blank, in making the copy of the adjudication, and only fills into it the necessary written matter, can charge only for such written matter by the folio, and cannot charge by the folio for the printed matter found in form No. 5, which is contained in the copy. This ground is not tenable. The charge for the copy is allowed by general order No. 30, at 10 cents for each folio of 100 words, whether the words are written or printed. The register may write them all if he chooses, and if, instead of doing so, he uses a printed form for a portion, that fact does not prevent him from charging for the whole by the folio, the general order not having made any discrimination between a written copy and a printed copy.

Item 3. The charge of $1, for the application for the first meeting of creditors, is claimed to be allowable under that clause of section forty-seven which allows "for every application for any meeting in any matter under this act, one dollar." I am of opinion that this clause refers only to a meeting which is applied for in a substantial sense, such as a meeting of creditors applied for under section twenty-seven or section twenty-eight of the act. The first meeting of creditors is not applied for in any such sense. Section eleven directs that the warrant shall authorize the marshal to give notice of the first meeting of creditors. The warrant, form No. 6, requires the marshal to give such notice. No application for such meeting is contemplated or provided for by the act or the general orders, nor is any form for it prescribed, nor is it ever in fact made. It is purely a constructive service. Besides, it is covered by the fee of $2 given for issuing the warrant, which includes all services of the register, prior to and in issuing the warrant, which are not otherwise specially provided for. This item is disallowed.

Item 4. The charge of 95 cents for "certified list of creditors for warrant," is for the list inserted in the warrant when it is issued by the register. This charge is covered by the $2 allowed for issuing the warrant. It is disallowed.

Item 5. For reasons which were satisfactory to himself, the register issued a supplemental warrant to the marshal in this case. Whether it was a proper case for a supplemental warrant is not a question before me now. The bankrupt is concluded as to that point by not raising it at the proper stage of the case. Section forty-seven gives a fee of $2 "for issuing every warrant." This supplemental warrant was a warrant, and was issued. The

fee of $2 for it is allowed. The fee of $1 for the application for the meeting of creditors called by the supplemental warrant, is disallowed, for the reasons given in disallowing item 3.

Item 6. The item for certified copies of schedules for assignee is allowed. Section four of the act requires the register to furnish the assignee with a certified copy of the schedules of creditors and assets filed in each case. These schedules are papers within the meaning of general order No. 30, and may be charged for at 10 cents for each folio for the copies, 15 cents for each certificate, if one folio or less, and 25 cents for each certificate if more than one folio. The amount must be fixed accordingly.

Item 7. The charge of $5 for one day's service, under special order of reference upon petition for final discharge, is allowed. The order made on a petition for a discharge, so far as it refers it to the register "to make an order to show cause thereon, and to sit in chambers on the return of said order," and to certify to the court whether the bankrupt has in all things conformed to his duty under the act, and has conformed to all the requirements of the act, is a special order. It requires the register to render services not specifically enjoined on him by the act or by the general orders. The $5 in this item is for the one day's service examining the papers and making the order to show cause.

Item 8. The charge of $1, for order to show cause and certifying copy for clerk, is disallowed. This service is covered by the $5 allowed in item 7. When the special order of reference on the petition for discharge, authorizing the register to make an order to show cause thereon, comes to the register, the first one day's service which he renders and charges for under item 7, is the making of the order to show cause. The charge of $1 is sought to be upheld under that clause of general order No. 30, which allows to the register "for every order made where notice is required to be given, and for certifying copy of the same to the clerk, one dollar." But this clause refers only to such an order as is named in general order No. 8—an order "in any proceeding in which notice is required to be given to either party before the order can be made." The order to show cause, made by the register on a petition for a discharge, is not such an order.

Item 9. This is a charge of $2 for application for second and third meetings of creditors. It is reckoned as two applications, one for each meeting, with a charge of $1 for each application, under that clause of section forty-seven which allows $1 for every application for any meeting in any matter under the act. I think that these meetings may fairly be regarded as having been applied for to the register under general order No. 25, but, as there was and need be but one application for the two meetings, the charge must be reduced to $1 in the whole.

The new rule made by this court, January 23, 1868, provides that hereafter, in cases of orders to show cause, made according to form No. 51, on petitions of bankrupts for discharges from their debts, no meeting of creditors, except the first, shall be ordered or had, unless some assets have come to the hands of the assignee, but where, in any such case, any assets have come to the hands of the assignee, then the order to show cause shall contain a provision, under general order No. 25, for the holding of the second and third meetings of creditors, and for notices thereof. This rule was made upon the ground that general order No. 25 does not, when read in connection with sections twenty-seven and twenty-eight of the act, require the second and third meetings of creditors to be held in cases where there are no assets, there being no necessity for either of such meetings, unless there are assets to be divided, and neither of such meetings being a necessary preliminary requisite to the discharge of the bankrupt.

Item 10. This is the assignee's return, form No. 35. The objection taken to this item is the same that is taken to item 2, in respect to the written matter inserted in a printed form. The objection is overruled. The return is a deposition, and the register has a right, under section forty-seven, to charge, for taking it, the fees allowed by law for taking a deposition. Whether the charge of 65 cents is the proper amount, on this basis, I have not the means of deciding.

Item 11. This charge of $5 is for one day's service sitting in chambers on the return of the order to show cause. As such, it is allowed. It is a service rendered under the special order of reference made on the petition for a discharge, and is allowable for the reasons set forth in respect to item 7. It is not allowed on any idea that the order to show cause in form No. 51 is a special order.

Item 12. This charge of $6, for the second and third meetings of creditors, must be reduced to $3. Section forty-seven allows $3 for each day in which a meeting is held, and these meetings were held on one and the same day. The allowance is not for each meeting, but for each day in which any meeting or meetings is or are held.

Item 13. This is a charge of $5 for one day's service examining the bankrupt and the proceedings, and making a certificate of conformity. It is allowed for the same reasons for which item 7 and item 11 are allowed. It is a service under the special order of reference made on the petition for discharge, which requires the register to certify to the court whether the bankrupt has in all things conformed to his duty under the act, and has in all things conformed to the requirements of the act.

In ordinary cases, three days' services, and only three, are chargeable under this special order of reference—one day for the examination of papers and making the order to show cause, one day for sitting in chambers on the

return of the order, and one day for finally examining all the papers, and making a certificate of conformity. So far as that order of reference. authorizes or requires the register to pass the last examination of the bankrupt in case there is no opposition, it is not a special order, because he is authorized and required to render that service by section four of the act and form No. 4, which is a general order.

Item 14. This charge of $2 for a discharge without opposition, is allowed. It is expressly given to the register by section forty-seven.

The result is, that the items objected to. amounting to $41.50, are allowed at $26.45.